**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **WESTCHESTER SURPLUS LINES** | ) | |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION 09-0175-WS-B** |
| | ) | |
| **THE PASS CONDOMINIUM** | ) | |
| **ASSOCIATION, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

This matter comes before the Court on defendant's Amended Motion to Dismiss Complaint (doc. 15).  Plaintiff has filed a memorandum in opposition to the Motion, and the deadline for defendant to submit a reply has expired; therefore, the Motion is ripe for disposition at this time.[1]

**I.      Background.**

This action arises from an insurance dispute concerning property damage allegedly caused by Hurricane Ivan to a condominium in Orange Beach, Alabama.  On March 31, 2009, plaintiff Westchester Surplus Lines Insurance Company ("Westchester") commenced this declaratory judgment action in this District Court against its insured, defendant The Pass Condominium Association, Inc. (the "Association").  In the Complaint (doc. 1), Westchester alleges that it paid the Association more than $100,000 for Hurricane Ivan damage, and that in March 2006 the Association executed a release in Westchester's favor for all known and unknown damage arising from the storm.  Notwithstanding the release, the Complaint states,  the Association endeavored to re-open its claim in January 2009 by demanding appraisal and

---

[1]      Also pending is defendant's original Motion to Dismiss (doc. 12).  Because that Motion was displaced and superseded by defendant's subsequent Amended Motion to Dismiss, the initial Motion to Dismiss (doc. 12) is **moot**.

disputing the Westchester adjuster's earlier findings concerning wind damage.  According to the Complaint, the Association is challenging the validity of the March 2006 release on the ground that its signatory or signatories lacked authority to bind the Association.  On the basis of these allegations, Westchester seeks a declaratory judgment that the release is valid and binding, that the Association has no remaining claims that are subject to appraisal, that the release relieves Westchester of any obligation to appraise the Hurricane Ivan loss, and that Westchester owes no further duty to the Association on its Hurricane Ivan claim.

The Association's response to the Complaint was to move for dismissal pursuant to Rules 12(b)(2), 12(b)(3) and 12(b)(6) on the ground that the applicable insurance policy entitles the Association to select the forum of any lawsuit between them, and the Association has exercised that right by stating its preference to litigate this matter in the Circuit Court of Mobile County, Alabama, rather than in the U.S. District Court for the Southern District of Alabama.  In support of its position, the Association relies on the policy's service of suit endorsement, which reads as follows: "If you request, we will submit to the jurisdiction of any court of competent jurisdiction. We will accept the final decision of that court or any Appellate Court in the event of an appeal." (Doc. 12, at Exh. A.)  The record reflects that on May 18, 2009 (nearly seven weeks <u>after</u> Westchester filed this declaratory judgment action), the Association sent a letter to Westchester purporting to invoke the service of suit endorsement.  (Doc. 12, at Exh. B.)  In that letter, the Association notified Westchester that it did not agree to federal jurisdiction and designated Alabama state court as its forum of choice for these proceedings.  (*Id.*)  Given its view that the service of suit clause applies, the Association requested that Westchester dismiss this action and refile it in Alabama state court.  (*Id.*)  Westchester declined.  The Association now asks this Court to enforce the service of suit clause by dismissing Westchester's complaint for lack of personal jurisdiction, improper venue and/or failure to state a claim.

## II.     Analysis.

The sole issue presented in the Amended Motion to Dismiss is the meaning of the service of suit provision in the insurance policy that Westchester issued to the Association.  Where, as here, a policy provision is unambiguous, its construction is a question of law for the court.  *See, e.g., Twin City Fire Ins. Co. v. Ohio Cas. Ins. Co.*, 480 F.3d 1254, 1258 (11th Cir. 2007) ("In Alabama, the interpretation of a contract, including an insurance contract, is a question of law

....."); *Caribbean I Owners' Ass'n, Inc. v. Great American Ins. Co. of New York*, 600 F. Supp.2d 1228, 1244-45 (S.D. Ala. 2009) (explaining that under Alabama law, whether contract terms are ambiguous or unambiguous is a question of law for the court to decide, and if unambiguous, the contract's construction and legal effect are likewise questions of law for the court). In examining the relevant policy language, the Court bears in mind that "[i]nsurance contracts are to be enforced as they are written, as long as there is no ambiguity in the provisions involved." *Progressive Specialty Ins. Co. v. Naramore*, 950 So.2d 1138, 1141 (Ala. 2006) (citations omitted).

Federal courts, including the Eleventh Circuit, have often concluded that a service of suit provision constitutes a waiver of an insurer's right to remove a state court lawsuit filed by the insured seeking coverage under the policy.[2]  Thus, if this case were one in which the Association had sued Westchester in state court, a straightforward interpretation of the service of suit endorsement would be that Westchester had waived its right to remove the action to federal court, and would mandate remand of same to state court.  But that is not what happened here.  In this case, the insurer filed a declaratory judgment action in federal court before the insured initiated any litigation anywhere.  The theory animating the Association's Amended Motion to Dismiss is not that Westchester waived its removal rights, but that the service of suit clause empowers the Association to dictate the forum of Westchester's lawsuit, even where it did not invoke that clause until after the fact and even in the absence of previously-filed litigation brought by the Association.

Persuasive case authorities refute plaintiff's position.  Indeed, the leading case to address the effect of service of suit clauses on insurers' first-filed declaratory judgment actions is a Fifth

_____

[2]        *See, e.g., Russell Corp. v. American Home Assur. Co.*, 264 F.3d 1040, 1047 (11th Cir. 2001) ("every federal court ... interpreting this clause has determined that language essentially identical to that contained in the First State policy constitutes a waiver of the right to remove"); *McDermott Int'l, Inc. v. Lloyds Underwriters of London*, 944 F.2d 1199, 1204 (5th Cir. 1991) ("When a policy's service-of-suit clause applies, its probable effect is to waive the insurer's removal rights."); *Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1216-17 (3rd Cir. 1991) (legal effect of service of suit clause is waiver of insurer's right to remove insured's lawsuit from state court to federal court); *Kashama v. Century Ins. Group*, 2009 WL 1312940, *2 (N.D. Cal. May 12, 2009) ("The service of suit provision is a forum selection clause, ... through which the defendant waived its right to remove this case to federal court.").

Circuit decision styled *International Ins. Co. v. McDermott Inc.*, 956 F.2d 93 (5th Cir. 1992).  In *McDermott*, a dispute arose between insurer and insured over the latter's demand for coverage of some 20,000 asbestosis actions filed against it.  Rather than waiting for the insured to file suit, the insurer preemptively filed a declaratory judgment action in federal court in Louisiana.  Several weeks later, the insured filed its own lawsuit in Texas state court, then moved to dismiss the federal action pursuant to the insurance policies' service of suit clause, which was substantially similar to that at issue here.  The district court in *McDermott* found that the service of suit clause barred the federal action and entitled the insured to dictate the Texas state court forum for the parties' dispute.  On appeal, the Fifth Circuit reversed, explaining that "the Service of Suit clause itself speaks only to actions brought by the insured.  Thus, when the action is first instituted by the insurer, the Service of Suit clause simply has no application."  *McDermott*, 956 F.2d at 95-96.  The *McDermott* panel reasoned that a contrary ruling would "lead[] to untenable results" because "the insured could effectively block an otherwise valid federal action simply by a later filing in state court."  *Id.* at 96.  On that basis, the Fifth Circuit held "that the Service of Suit clause does not give the insured the right to prevent the insurer from bringing an action of its own, in a forum of the insurer's choosing, against the insured."  *Id.*[3]

A host of federal and state courts have embraced *McDermott*'s reasoning and result in similar circumstances.  *See, e.g., Ace Capital v. Varadam Foundation*, 392 F. Supp.2d 671, 675 (D. Del. 2005) ("Nothing in the Service of Suit clause prevents an insurer from bringing an action of its own against the insured. ... If the insurer does so, the Service of Suit provision does not prescribe the forum for the action."); *International Surplus Lines Ins. Co. v. University of Wyoming Research Corp.*, 850 F. Supp. 1509, 1528 (D. Wyo. 1994) ("if the litigation is initiated by the insurer, then the service of suit clause is irrelevant"); *TIG Ins. Co. of Michigan v. Vision Service Plan*, 2005 WL 2105303, *3 (E.D. Cal. Aug. 31, 2005) (explaining that while service of suit clause "does obligate TIG to submit to the insured's choice of venue if the insured sues ..., it

---

[3]     The *McDermott* panel recognized that an unfortunate side effect of this rule might be that insurers and insureds engage in a race to the courthouses of their respective choosing to file their respective lawsuits.  However, it found that result to be the lesser of two evils, as compared to an outcome in which insureds could effectively utilize the service of suit clause to deprive insurers of their ability to seek declaratory judgment or other redress from federal courts.

does not preclude TIG from filing its own action to adjudicate coverage in a venue of its choosing"); *Chubb Custom Ins. Co. v. Prudential Ins. Co. of America*, 948 A.2d 1285, 1292 (N.J. 2008) ("We read the service of suit clause as it has been read by nearly every court that has considered it – as a consent to jurisdiction by the insurer and a prohibition against an insurer interfering with a forum initially chosen by the insured. ... It does not inhibit the insurer from filing first.  Nor does it allow the insured to trump a first-filed action by the insurer."); *Price v. Brown Group, Inc.*, 619 N.Y.S.2d 414, 417-18 (N.Y.A.D. 4 Dept. 1994) (concluding that service of suit clause does not forbid insurer from filing declaratory judgment action in appropriate court of its choosing).

In the face of this abundant unfavorable authority from federal and state courts around the country, the Association musters no contrary precedents.  The Association does not point to a single decision in which any court has construed a service of suit clause akin to that in the Westchester policy in a manner that would mandate or even support dismissal of this declaratory judgment action.  Rather, the Association proffers authorities for the more general proposition that forum selection clauses are valid and enforceable.  That much is true.  *See, e.g., P & S Business Machines, Inc. v. Canon USA, Inc.*, 331 F.3d 804, 807 (11th Cir. 2003) ("[f]orum selection clauses in contracts are enforceable in federal courts" and their enforceability "in a diversity jurisdiction case is governed by federal law").  But to say that the service of suit provision is valid and enforceable is not the same as saying that it bears the meaning ascribed to it by the Association.  More fundamentally, service of suit provisions such as that in the Westchester policy are distinguishable from traditional mandatory or exclusive forum selection clauses, wherein the parties fix a specific and definite forum in which litigation must be filed. *See, e.g., Northfield Ins. Co. v. Odom Industries, Inc.*, 119 F. Supp.2d 631, 634 (S.D. Miss. 2000) (contrasting service of suit clause in which insurer agreed to "submit to the jurisdiction of any court of competent jurisdiction within the United States," on the one hand, and forum selection clause wherein parties agreed that all litigation arising from agreement would be conducted in Orange County Superior Court, on the other); *Brooke Group Ltd. v. JCH Syndicate 488*, 663 N.E.2d 635, 637-38 (N.Y. 1996) (clarifying that forum selection clauses involve selection of a particular forum to resolve the parties' disputes, while service of suit clauses generally provide no more than consent to jurisdiction).  The point is that this is not a case in

which the parties agreed to a mandatory, exclusive forum selection clause wherein all disputes between them would be litigated in Mobile County Circuit Court.  Rather, they entered into an open-ended, permissive service of suit clause, whereby Westchester agreed to submit to any court of competent jurisdiction at the Association's request.  The service of suit clause is indeed valid and enforceable, but it does not mean that the Association can dictate the venue of Westchester's first-filed declaratory judgment action.  Rather, as *McDermott* and its progeny have convincingly explained, "the Service of Suit clause gives the insured the right to choose which forum will hear *its* action ... [but] does not give the insured the right to prevent the insurer from bringing an action of its own, in a forum of the insurer's choosing, against the insured." *McDermott*, 956 F.2d at 96.

**III.    Conclusion.**

For all of the foregoing reasons, the Court finds that the service of suit provision in the subject policy of insurance neither authorizes nor entitles the Association to dictate the forum in which Westchester's declaratory judgment action is brought and litigated.  Accordingly, defendant's Amended Motion to Dismiss (doc. 15) is **denied**.  Defendant is **ordered** to file an answer to the Complaint by no later than **July 15, 2009**.

DONE and ORDERED this 1st day of July, 2009.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE